UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>     Plaintiff<br><br>v.<br><br>**REAL PROPERTY KNOWN AS<br>200 ACRES OF LAND NEAR<br>FARM TO MARKET ROAD 2686<br>STARR COUNTY<br>RIO GRANDE CITY, TEXAS 78582**<br><br>     Defendant | § § § § § § § § § | CIVIL CASE NO. _____ |

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, the United States of America, by and through its United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, represents:

## NATURE OF ACTION

1. This is a civil forfeiture action in rem brought under: (a) 18 U.S.C. § 981(a)(1)(A) which provides for the forfeiture of real property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960 or any property traceable to such property; (b) 21 U.S.C. § 881(a)(7) which provides for the forfeiture of all real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit or to facilitate the commission of a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq; (c) 18 U.S.C. § 981(a)(1)(C) incorporating 18 U.S.C. § 1956(c)(7)(A)

and 18 U.S.C. § 1961(1) which provides for the forfeiture of real property which constitutes or is derived from proceeds traceable to any offense involving the felonious buying, selling, receiving, importing or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States; and (d) 21 U.S.C. § 881(a)(6) which provides for the forfeiture of all proceeds traceable to an exchange for a controlled substance or listed chemical in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1355, 1391 and 1395.

## DEFENDANT PROPERTY

4. The defendant is real property located at 200 acres of land near Farm to Market Road 2686, Starr County, Rio Grande City, Texas, with all appurtenances, improvements, and attachments thereon, legally described as:

> 200 acres of land more or less out of and forming a part or portion of Share No. 2 of Survey No. 371, in Starr County, Texas, being described by metes and bounds as follows:
>
> BEGINNING at a set ½ inch iron rod, the N.E. corner of Survey No. 371, the S.E. corner of Survey No. 372 in Starr County, Texas for N.E. corner hereof;

THENCE following fence, with the dividing line between Survey Nos. 371 and 561, S. 09° 35' 00" W., 2982.38 feet to a point on Center Line of F.M. Road 2686, for S.E. Corner hereof;

THENCE with the Center Line of said F.M. Road No. 2686, S. 72° 30' 00" W., 2112.0 feet to a point for Most Southerly S.W. corner hereof;

THENCE following fence, N. 08° 55' E., 930.05 feet to a set ½ inch iron rod, for an Inner corner hereof;

THENCE following fence N. 81° 05' 00" W., 729.70 feet to a set ½ inch iron rod, for S.W. corner hereof;

THENCE N. 09° 35' 00" E., 2991.50 feet to a set ½ inch iron rod, for N.W. corner hereof;

THENCE following fence on the dividing line between Survey Nos. 371 and 372, S. 81° 05' 00" E., 2621.00 feet to the point of BEGINNING and containing within these metes and bounds 200.00 acres of land more or less,

which description is incorporated herein by reference and hereafter referred to as the "Defendant Real Property."

5. The record owner of the Defendant Real Property is Carlos Ricardo Tamez Tirado (hereinafter referred to as "Tirado").

6. The Defendant Real Property is located within this district and within the jurisdiction of the Court.

## FACTS

7. Upon information and belief the United States of America alleges:

    a. Carlos Alberto Oliva-Castillo (hereinafter referred to as "Oliva") is the true owner of Defendant Real Property and Oliva purchased the Defendant Real Property with drug proceeds.

    b. Oliva is a member of a large-scale drug trafficking organization. Oliva is from Diaz

3

Ordaz, Mexico and is thirty-eight (38) years old. This organization transports kilogram quantities of cocaine from Mexico into the United States for distribution and, according to this investigation, has been in existence since at least 2005. Oliva has been a member of this drug trafficking organization since at least 2005. Since 2005, Oliva's role in this organization has been as a high-ranking leader, organizing networks of individuals who drive vehicles loaded with cocaine to its destination and individuals who transport United States currency south to Mexico. From May 2007 to the present, approximately two-hundred (200) kilograms of cocaine were seized and over two-million dollars ($2,000,000) in United States Currency were seized that are directly attributable to Oliva. Oliva was indicted in a superceding indictment in cause number C-08-789 on January 21, 2010 for conspiracy to possess with intent to distribute more than five (5) kilograms of cocaine and knowingly importing into the United States from Mexico more than five (5) kilograms of cocaine. Oliva is currently in custody in Mexico City, Mexico awaiting extradition to the United States.

  c. According to documents received from Cameron County, Texas, Defendant Real Property was transferred from Miguel De Los Santos, Ofelia De Los Santos, Jose Eloy Pulido, and Mariolanda Pulido to Carlos Ricardo Tamez Tirado by Warranty Deed on May 25, 2007. According to the closing documents, Defendant Real Property was purchased for $125,000 and secured by a Deed of Trust in Tirado's name.

  d. Tirado is a medical doctor from Diaz Ordaz, Tamaulipas, Mexico. Tirado purchased Defendant Real Property in his name as a nominee or straw man for Oliva at Oliva's request. Oliva put Defendant Real Property in Tirado's name to avoid detection of the asset by law enforcement.

  e. The actual total purchase price paid for Defendant Real Property was $400,000.00, not the $125,000.00 stated in the Warranty Deed and Deed of Trust. The Defendant Real Property was paid for entirely with drug proceeds and entirely with United States currency. Also, Tirado was

4

never a part of any negotiations for the purchase of Defendant Real Property. In fact, Oliva sent his co-conspirators to negotiate the purchase of Defendant Real Property with the sellers on Oliva's behalf.

  f. Defendant Real Property has been utilized by Oliva and his co-conspirators from 2007 to the present. Defendant Real Property has been used by Oliva to facilitate Oliva's drug activities and to receive the proceeds from Oliva's drug transactions. Further, Defendant Real Property has been maintained by Oliva's uncle, Domingo Castillo, since at least 2008. There is no known legitimate source for the funds Oliva used to purchase the Defendant Real Property.

## NOTICE TO ANY POTENTIAL CLAIMANTS

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Real Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claims must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

## PRAYER

WHEREFORE, the United States of America prays that judgment of forfeiture be entered against the Defendant Real Property in favor of the United States of America and for such costs and other relief to which the United States of America may be entitled.

                                                Respectfully submitted,

                                                KENNETH MAGIDSON
                                                United States Attorney

By:    s/ Julie K. Hampton
           JULIE K. HAMPTON
           Assistant United States Attorney
           State Bar No. 24032269
           Federal Bar No. 431286
           800 N. Shoreline Blvd., Suite 500
           One Shoreline Plaza
           Corpus Christi, Texas 78401
           (361) 888-3111

## VERIFICATION

I, Luis Reyna, a special agent with the Internal Revenue Service, hereby affirm and verify that the facts set forth in the foregoing Complaint for Forfeiture in Rem are true and correct to the best of my knowledge and belief.

LUIS REYNA
Special Agent, Internal Revenue Service

Sworn and subscribed before me, the undersigned authority, on this 16th day of Nov, 2011.



Nora J. Longoria
Notary Public in and for the State of Texas

My commission expires:

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Verified Complaint for Forfeiture In Rem was mailed via certified mail, return receipt requested to:

Carlos Alberto Oliva-Castillo
(in Mexican custody)
c/o Special Agent Felix Gonzalez
Drug Enforcement Administration Attache
Mexico City, Mexico

Carlos Ricardo Tamez Tirado
Benito Juarez 213
Colonia Centro
Gustavo Diaz Ordaz
Tamaulipas, Mexico 88400
Email: TIRA_DOC@HOTMAIL.COM

Mayra Natalia Corral
(Wife of Carlos Alberto Oliva-Castillo)
Las Flores Heights Lot 38
Sullivan City, Texas 78595
&
3100 S. Col Row Blvd.,
McAllen, Texas 78503

Dolores Cristina Rodriguez Martinez
Benito Juarez 213
Colonia Centro
Gustavo Diaz Ordaz
Tamaulipas, Mexico 88400
Email: FLAKA_ROMA@HOTMAIL.COM

on this the 16th day of NOVEMBER, 2011.

s/ Julie K. Hampton
JULIE K. HAMPTON
Assistant United States Attorney