IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:11-CV-00368 |
| § | |
| REAL PROPERTY KNOW AS § | |
| 200 ACRES OF LAND NEAR § | |
| FARM TO MARKET ROAD 2686 § | |
| RIO GRANDE CITY, TEXAS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER DENYING
CLAIMANTS' MOTIONS TO QUASH AND TO DISMISS**

This matter comes before the Court on three Motions to Quash and Dismiss for Insufficient Process and Service and three Motions to Dismiss for Improper Venue filed by Claimants Ricardo A. Rodriguez (Mr. Rodriguez), Dr. Carlos Ricardo Tirado Tamez (Dr. Tirado), and Cristina Rodriguez de Tirado (Ms. Tirado). (D.E. 12 at 1–4; D.E. 13 at 1–3; D.E. 14 at 1–3.) The Court denies Claimants' Motions to Quash and Dismiss for Insufficient Process and Service and Claimants' Motions to Dismiss for Improper Venue.

**I.   BACKGROUND**

On November 16, 2011, the United States of America filed a Verified Complaint for Forfeiture In Rem pursuant to 18 U.S.C. §§ 981(a)(1)(A)&(C) and 21 U.S.C. §§ 881(a)(6)&(7), which provide for the forfeiture of real property used in, involved in, or derived from drug activities, money laundering, and other criminal activities described therein. (D.E. 1.)  Dr. Tirado is the record owner of the real property that is the subject of this civil forfeiture suit. (*Id*. at 3.) The United States alleges that the true owner of the property is Carlos Alberto Oliva-Castillo

(Mr. Oliva), and that Mr. Oliva purchased the property with drug proceeds using Dr. Tirado as a straw man to avoid detection of the asset by law enforcement. (*Id*. at 3–4.)  The United States alleges that Mr. Oliva utilized the real property to facilitate and receive proceeds from drug activities. (*Id*. at 5.)

Claimants request that notice in this case be quashed and the case be dismissed for want of jurisdiction because the United States failed to comply with the notice requirement under FED. R. CIV. P. 4.  Claimants received the notice posted on the property, but Claimants allege that actual notice does not satisfy FED. R. CIV. P. 4.

The United States responds that it has attempted and is attempting service on the Claimants pursuant to FED. R. CIV. P. 4.  The United States has submitted a Mutual Lateral Agreement Treaty (MLAT) request through the U.S. Government's Office of International Affairs to properly serve Claimants in Mexico. (D.E. 18.)  This is a time consuming process so the government has also attempted to serve Claimants with notice via international mail at their residence in Tamaulipas, Mexico. (D.E. 16 & 17.)  And the United States posted notice of the Complaint on an official government website and the property itself. (D.E. 11 & 20.)

## II.     ANALYSIS

### A.     Motions to Quash and Dismiss for Insufficient Process and Service

The United States argues that Claimants waived their right to assert a defense of insufficient service of process by failing to raise it in the Amended Answer filed by Dr. Tirado. (D.E. 20 at 3.)  However, the Court struck the Amended Answer upon a motion by the government.  Striking a pleading or other motion serves to expunge it from the Court's record, and the document is subsequently treated as having never been filed. *Williams v. American Tel. and Tel. Co.*, 134 F.R.D. 302, 303 (M.D. Fla. 1991); *Brown v. Ridgeway*, 149 Cal. App. 3d 732,

736, 197 Cal. Rptr. 327 (Cal. Ct. App. 1983). Consequently, Dr. Tirado's Amended Answer does not serve as a waiver of service of process.

The United States argues that Claimants have waived the defense of insufficient service because their attorney conferred with the government's attorney regarding discovery in this case. The government has provided no authority to support this proposition. The Court declines to hold that such action by the attorney constitutes a waiver.

In the case of forfeiture actions in rem brought pursuant to a federal statute, the government's failure to serve the property owner or known potential claimant with a notice and copy of the complaint, despite its best efforts to do so, does not warrant dismissal of the action. Under 18 U.S.C. § 985(c)(2)(C), if the property owner cannot be located and served with notice and a complaint, despite the government's "exercise of due diligence, then constructive service may be made in accordance with the laws of the State in which the property is located." Moreover, under Supplemental Rule G(4)(b)(v), "[a] potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice." Accordingly, dismissal of the government's Complaint for failure to serve Dr. Tirado and Ms. Tirado is not warranted.

This does not relieve the government from continuing in its efforts to properly serve Dr. Tirado and Ms. Tirado under FED. R. CIV. P. 4. Only after efforts at service pursuant to FED. R. CIV. P. 4 have proved unavailing may the government attempt constructive service of process.

### B.     Motions to Dismiss for Improper Venue

Claimants challenge the filing of the Complaint in the Corpus Christi Division of the Southern District of Texas because the property which is the subject of this proceeding is located in Starr County, Texas, which is not serviced by the Corpus Christi Division. (*Id.*)

Title 28 U.S.C. § 1355(b)(1) provides that a "forfeiture action may be brought in (A) the district court for the *district* in which any of the acts or omissions giving rise to the forfeiture occurred, or (B) any other *district* where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute." (emphasis added). Section 1395 states that a civil action for the forfeiture of property "may be prosecuted in any *district* where such property is found." (emphasis added).  Both of these statutes, as well as the general federal venue statute for non-diversity cases, section 1391, refer to venue in terms of *districts*, not *divisions*; under federal law, there is no requirement that venue be laid in a particular division.  Provided venue is proper in the Southern District of Texas, it is proper in either the McAllen Division or Corpus Christi Division. *Says v. M/V David C. Devall*, 161 F. Supp. 2d 752, 753 (S.D. Tex. 2001).

### III.    CONCLUSION

For the above-stated reasons, Claimants' Motions to Quash and Dismiss for Insufficient Process and Service (D.E. 12 at 1–3; D.E. 13 at 1–3; D.E. 14 at 1–3.) and Claimants' Motions to Dismiss for Improper Venue (D.E. 12 at 3; D.E. 13 at 3; D.E. 14 at 3.) are **DENIED**.

**ORDERED** this 24th day of May 2012.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**