**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **C.A. NO. C-11-368** |
| | § | |
| | § | |
| **REAL PROPERTY KNOWN AS** | § | |
| **200 ACRES OF LAND NEAR FARM** | § | |
| **TO MARKET ROAD 2686, STARR** | § | |
| **COUNTY, RIO GRANDE CITY,** | § | |
| **TEXAS 78582** | § | |
| **Defendant.** | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the Court is the motion by plaintiff for finding that claimants Carlos Ricardo Tirado Tamez and his wife, Cristina ("claimants") have received actual, substitute and/or constructive notice of the filing of this lawsuit (D.E. 28). Claimants filed a response to the motion on October 22, 2012 (D.E. 29). As discussed more fully below, it is recommended that plaintiff's motion be denied without prejudice because plaintiff has not yet sought service by publication pursuant to the Texas Rules of Civil Procedure.

**BACKGROUND**

Plaintiff, the United States of America, filed a complaint for forfeiture *in rem* of 200 acres of land near Farm to Market Road 2686 in Rio Grande City, Starr County, Texas ("the property") on November 16, 2011 (D.E. 1). Plaintiff alleges that the true owner of the property is Carlos Alberto Oliva-Castillo ("Oliva") and that Oliva purchased

the property with proceeds from the sale of illegal drugs. Plaintiff describes Oliva as a high-ranking member of a drug trafficking organization who currently is in custody in Mexico City, Mexico, awaiting extradition to the United States. Oliva was indicted in a superceding indictment in Cause Number C-08-789 on January 21, 2010 in the Corpus Christi Division of the United States District Court for the Southern District of Texas for conspiracy with intent to distribute more than five kilograms of cocaine and for knowingly importing into the United States from Mexico more than five kilograms of cocaine.

According to plaintiff, documents from Cameron County, Texas show that the property was transferred from Miguel De Los Santos, Ofelia De Los Santos, Jose Eloy Pulido and Mariolanda Pulido to claimants by warranty deed on May 25, 2007. Plaintiff alleges that Claimant Tirado purchased the real property in his name for $125,000 as a nominee or straw man for Oliva at Oliva's request. Plaintiff further alleges that Oliva put the property in Tirado's name to avoid detection of the asset by law enforcement and that the actual price paid for the property was $400,000.

On December 7, 2011 and December 28, 2011 counsel for claimants filed an answer and amended answer to the original complaint, both of which included motions to dismiss for wrongful and improper venue (D.E. 3, 4). Plaintiff filed a motion to strike claimants' answer because they did not file a sworn claim prior to filing their answer, pursuant to Rule 5(G) of the Supplemental Rules for Admiralty or Maritime and Asset

Forfeiture Claims. The District Court struck the claimants' answer on February 17, 2012 (D.E. 15).

In the meantime, on February 13, and 14, 2012 claimants filed a special appearance, motion to quash, motion to dismiss, a verified claim and an answer (D.E. 12, 13, 14). On May 24, 2012, the Court denied claimants' motion to quash and to dismiss (D.E. 24). The Court noted that the government had an obligation to continue to try to properly serve claimants under FED. R. CIV. P. 4 and only after efforts at service pursuant to Rule 4 proved unavailing could plaintiff attempt constructive service of process.

In the instant motion, plaintiff argues that (1) claimants have received actual notice; (2) claimants have made an appearance in the case and have waived any argument of insufficient service; (3) substitute service was accomplished by serving claimants' attorney; (4) claimants were constructively served (a) through publication notice on www.forefeiture.gov; (b) by attempted service through a Mutual Lateral Agreement Treaty ("MLAT") request through the United States government's Office of International Affairs; (c) via international mail; (d) by email; (e) by posting on the property itself and (f) by service on plaintiff's attorney.

In response to the motion for finding of service, claimants contend that (1) the relevant rules regarding service do not exempt plaintiff from complying with constitutional due process requirements of issuance and service of process and that actual notice is insufficient to satisfy constitutional concerns; (2) constructive service is allowed only when service under FED. R. CIV. P. 4 is "unavailable" and (3) service of process in

Mexico is available under FED. R. CIV. P. 4(f) but none of the methods mentioned by plaintiff is in accordance therewith.

**APPLICABLE LAW**

**A. Attempts at Service**

Supplemental Rule G(3)(a), which governs a forfeiture action in rem arising from a federal statute, provides that if the defendant is real property, the government must proceed under 18 U.S.C. § 985. Pursuant to 18 U.S.C. § 985, the process of initiating a civil forfeiture action against real property is described in relevant part as follows:

> (c)(1) The Government shall initiate a civil forfeiture action against real property by--
>
> (A) filing a complaint for forfeiture;
>
> (B) posting a notice of the complaint on the property; and
>
> (C) serving notice on the property owner, along with a copy of the complaint.
>
> (2) if the property owner cannot be served with the notice under paragraph (1) because the owner--
>
> (A) is a fugitive;
>
> (B) resides outside the United States and efforts at service pursuant to rule 4 of the Federal Rules of Civil Procedure are unavailing; or
>
> (C) cannot be located despite the exercise of due diligence, constructive service may be made in accordance with the laws of the State in which the property is located.

Plaintiff in this case has filed a complaint for forfeiture and has posted a notice of the complaint on the property. Plaintiff has made various efforts to locate claimants, and

to personally serve them with notice pursuant to FED R. CIV. P. 4 (e) and (f) but thus far has been unsuccessful.

Federal Rule of Civil Procedure 4(e) sets out the procedure for serving an individual within a judicial district of the United States:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff was unable to personally serve claimants or to leave a copy of the complaint with someone of suitable age and discretion at their dwelling or usual place of abode, but did give notice of the action to claimants' attorney (D.E. 26-1). Plaintiff argues that giving notice to the attorney satisfied the requirements of FED. R. CIV. P. 4(e)(2)(C), citing in support Silvious v. Pharaon, 54 F.3d 697 (11th Cir. 1995). While plaintiff is correct that an individual, even someone residing outside the United States, may be served by delivering a copy of the complaint to an authorized agent, an attorney is not considered an authorized agent for service of process absent express or implied authorization. United States v. Ziegler Bolt and Parts Company, 111 F.3d 878, 881 (Fed.

Cir. 1997). The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service. Id. A party cannot fabricate implied authority from whole cloth to cure a deficient service, but must present facts and circumstances showing the proper relationship between the defendant and its alleged agent. Id. See also Santos v. State Farm Fire and Casualty Company, 902 F.2d 1092, 1094 (2nd Cir. 1990) (service of process on an attorney not authorized to accept service for his client is ineffective) and Ransom v. Brennan, 437 F.2d 513, 518-19 (5th Cir. 1971)(service of process is not effectual on an attorney solely by reason of his capacity as an attorney).[1] Plaintiff has produced no evidence showing that claimants' attorney was an authorized agent to accept service for them. Accordingly, based on the foregoing, plaintiff has not successfully served claimants under FED. R. CIV. P. 4(e).

Because claimants' attorney represented to the Court that claimants live in Mexico, plaintiff also attempted to serve them under FED. R. CIV. P. 4(f), which describes service on an individual in a foreign country as follows:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district or the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

---

[1]Compare United States v. Muckle, 709 F.Supp. 1371 (M.D. Ga 2010), where it was noted in a case involving currency rather than real property that service of notice on a party's attorney of record constituted notice under 21 U.S.C. § 853(n)(2) and FED. R. CRIM. P. 32.2.

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

In an attempt to comply with Rule 4(f), plaintiff submitted a Mutual Lateral Agreement Treaty ("MLAT") request through the United States Government's Office of International Affairs to serve claimants in Mexico. Mexican authorities attempted to serve claimants but were unsuccessful (Mot. for Finding of Service, Ex. 2, D.E. 28-11 at 2, 23, 37). According to the translation of the certified documents provided by plaintiff, a process server went to the address provided by plaintiff, knocked on the door, received no answer, and left the documents in the mailbox (*Id.* at 23). Mexican authorities then performed some investigation to learn whether claimants lived at that address or at a different address but could not find them (*Id.* at 37). Authorities tried a second address but learned that it did not exist, and were told by individuals at one of the addresses contacted that the claimants had moved to the United States (*Id.*). Plaintiff also attempted

to serve claimants by international certified mail, but the documents were unclaimed and returned to plaintiff (D.E. 16, 17). Thus, plaintiff has been unable to successfully serve claimants under FED. R. CIV. P. 4(e) or (f).

Because claimants could not be served under Rule 4, plaintiff may make constructive service under the Texas Rules of Civil Procedure.[2] Plaintiff asserts that it has "done everything possible" to apprise claimants of the pendency of the action and give them an opportunity to respond. However, the rules regarding citation by publication are very specific and plaintiff has not shown that it has complied with them. See generally, TEX. R. CIV. P. 109, 112-116. Nor has plaintiff obtained an order from the Court for another form of substituted service.[3] TEX. R. CIV. P. 109a. Accordingly, it is recommended that the Court enter an order directing plaintiff to comply with the

---

[2]Claimants assert that plaintiff can attempt constructive service only if service under Rule 4 is "unavailable" and that it is available in this case. However, constructive service is allowed if service under rule 4 is "unavailing." 18 U.S.C. § 985(c)(2)(B). "Unavailing" means "futile" or "useless." http://www.merriam-webster.com/dictionary/unavailing (last viewed November 14, 2012). Plaintiff has attempted service under Rule 4 but it has been futile, and, therefore, is unavailing.

[3]Plaintiff claims it complied with TEX. R. CIV. P. 106 allowing substituted service. Plaintiff never sought or obtained a court order as expressly required by Rule 106(b). In any event, it does not appear that Rule 106 applies to this case because the documents filed by plaintiff reflect that plaintiff has no idea where these two claimants live, and so cannot submit an affidavit "stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found. . ." TEX. R. CIV. P. 106(b).

constructive notice requirements set forth in the Texas Rules of Civil Procedure for service of citation by publication.

**B. Actual Notice**

Plaintiff also asserts that claimants have received actual notice, which should be sufficient under Supp. Rule G(4)(b)(v), which provides the following:

> **Actual Notice.** A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.

It is undisputed in this case that the claimants have received actual notice. However, as the Court noted in its order on May 24, 2012, the fact that a forfeiture case cannot be dismissed if a potential claimant has actual notice does not relieve the plaintiff from continuing to attempt to serve the claimants under Rule 4. Plaintiff's efforts to serve claimants under Rule 4 have been unavailing. Therefore, in accordance with 18 U.S.C. § 985(c)(2), and as recommended above, plaintiff should be required to seek a court order to constructively serve claimants by publication in accordance with the Texas Rules of Civil Procedure. See also McGuire v. Sigma Coatings, Inc., 48 F.3d 902, 907 (5th Cir. 1995)(actual notice of litigation does not satisfy the requirement of proper service of a summons under Rule 4) and Way v. Mueller Brass Co., 840 F.3d 303, 306 (5th Cir. 1988)(same).

**C. FED. R. CIV. P. 4(m).**

Claimants argue that the forfeiture action should be dismissed because they were not properly served within 120 days, as required by **FED. R. CIV. P. 4(m).** But Rule 4(m)

does not apply, by its own terms, to service in a foreign country. At this point Plaintiff does not know if Claimants live in Mexico or in the United States, but out of an abundance of caution, and because of the continuing and ongoing efforts of Plaintiff to locate and serve the Claimants, it is recommended that the District Court *sua sponte* extend the time for service of process for a period of at least ninety (90) days to allow Plaintiff to comply with the publication rules in the Texas Rules of Civil Procedure.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that plaintiff's motion for finding of actual, substitute or constructive notice (D.E. 28) be denied without prejudice for refiling. It is further recommended that plaintiff be required to comply with constructive service by publication pursuant to the Texas Rules of Civil Procedure, and that the District Court *sua sponte* extend the time for complying for a period of at least ninety (90) days.

Respectfully recommended this 19th day of November, 2012.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).