UNITED STATES DISTRICT COURT
for the
Southern District of Texas
Corpus Christi Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| *Plaintiff* | § § | |
| vs. | § § | Civil Action No. **11-CV-368** |
| REAL PROPERTY KNOWN AS 200 ACRES OF LAND NEED FARM TO MARKET RD 2686 STARR COUNTY, RIO GRANDE CITY, TX 78582 | § § § § § § | |
| *Defendant* | § § | |

## OBJECTIONS TO MEMORANDUM AND RECOMMENDATION FILED BY MAGISTRATE JUDGE

**NOW COMES**, Dr. Carlos Ricardo Tirado Tamez ("Claimant Dr. Tirado") true and record owner of the above described property subject of this proceeding ("Property"), and specially appears to file this Response to the Memorandum and Recommendation filed by B. Janice Ellington, Magistrate Judge [Doc 32] subject to and without waiving Claimant's prior Motions to Quash and Dismiss for Insufficient Process and Service and Improper Venue

I.  OBJECTIONS TO CONSYTRUCTIVE SERVICE

1.     Claimant objects to the recommendation that constructive service by publication under state law be made since 18 U.S.C. 985(c)(2)(B) allows constructive service under state laws only if service under FRCP 4 is unavailing.   However, FRCP 4(f)(1) expressly indicates that the Hague convention is more than availing, "is reasonably calculated to give notice".   In addition, subparagraph (2) of said rule makes the Hague Convention mandatory by indicating that other methods may be used only "if there is no internationally agreed means".   The Hague Convention is mandatory on its own terms for signatory states.

2.     In the instant case, service under the Hague Convention has not been attempted and is a viable, reasonable, available and mandatory method of service of process for parties abroad. It has been ratified by the United States since 1969 and Mexico is also a signatory.   An international convention or treaty prevails over any other law except the United States Constitution under the supremacy clause of Article VI of the Constitution.   It is hard to believe that the United States have been ratifying a "useless", "futile" or "unavailing" convention since 1969, to which more of the civilized world countries are signatories.

3.     As indicated before, in the instant case, process in Mexico is available, availing and reasonably calculated to give notice under FRCP 4(f); but, none of the methods mentioned in the government's Motion or recommended by the Magistrate in her Memorandum are in accordance thereto.

4.     In cases like the instant in which plaintiff has not even begun to attempt proper service under FRCP 4 within 120 days of filing, the complaint shall be dismissed.   See *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir.2005).

5.     Posting is not a substitute for the notice requirements discussed above, but in addition to.   See 18 U.S.C. §985(c)(B)&(C).

6. Furthermore, FRCP 4 in the instant case does not allow service by publication on a claimant residing abroad and constructive service under state law may only apply if service under FRCP 4 is unavailing. Accordingly, any attempted or new attempt notice by publication without first complying with FRCP 4 is insufficient and shall be quashed.

7. Accordingly, Claimant Dr. Tirado respectfully request that process and notice in this case be quashed and the case dismiss for want of jurisdiction.

## II. REQUEST TO THE MAGISTRATE TO ALSO ADDRESS CLAIMANT'S MOTION TO DISMISS FOR IMPROPER VENUE, REQUEST FOR RECONSIDERATION AND FOR FINDINGS OF FACTS AND CONCLUSIONS OF LAW

8. Claimant Dr. Tirado is requesting the court to reconsider the denial of his motion to dismiss for improper venue since the filing of the original complaint in the division of Corpus Christi is improper because the Property is located in Rio Grande City, Starr County, Texas, and that division does not serve Starr County, see www.txs.uscourts.gov/addresses/cor.pdf & /mca.pdf, and no allegations were made in the complaint justifying the filing in the Corpus Christi division, moving this Honorable Court to dismiss this case in accordance to 28 USC § 1406(a) providing that the district court shall dismiss a case filed in the wrong division.

9. The opinion of the court on this issue signed on May 24, 2012 [Doc 24], does not address said specific statute and therefore, Claimant respectfully request this honorable court to reconsider said ruling and to state in writing its findings of fact and conclusions of law on said reconsideration.

10. The court indicates in said opinion that "…under federal law, there is no requirement that venue be laid in a particular division, Id; however 28 USC § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district

shall dismiss, …". This venue statute cited by Claimant specifically refers to "wrong division", contrary to the case of *Says* discussed in the opinion of this court which deals with the "convenience" venue statute 28 §1404 and a maritime venue statute neither of which speaks of "divisions". See *Says v. M/V David C. Devall*, 161 F. Supp. 2d 752, 753 (S.D. Tex. 2001). In *Says* the court concluded that "Defendant's cited venue statute (which applies to suits against a public vessel), like the general venue statute, 28 U.S.C. § 1391, speaks in terms of *districts not divisions*." Id. However, in the instant case the cited venue statute 28 USC 1406(a) speaks specifically of divisions.

### III. REQUEST TO THE MAGISTRATE TO ALSO ADRESS CLAIMANTS'S MOTION TO RECONSIDER DEPOSIT OF RENTS

11. This court lacks jurisdiction for the reasons stated above to issue the order granting garnishment and deposit of rents generated by Defendant with the court [Doc 25]. See *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), holding that before a court may exercise jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied. Accordingly, Claimant respectfully request the Court to reconsider its order [Doc 25] authorizing withholding and deposit of rents with the court and to turn over any rents with interest currently deposited with the court to Claimant's attorney.

### IV. PRAYER

12. Claimant Dr. Tirado prays that this Court quash the process and its attempted service, dismiss this cause for want of jurisdiction and improper venue, return the rents withheld, and any other relief to which Claimant may be entitled in law or in equity, including costs and attorneys' fees.

Respectfully submitted,

                                                             *s/ Ricardo A Rdz*
Ricardo A. Rodriguez
Texas Bar No. 00788305
Federal Id No. 1146317
5TH Cir. Bar Member
7001 N 10TH St Ste 302
McAllen, TX   78504
Tel. (956) 686-5336
Fax (956) 686-5350
rrodriguez@rgv.twcbc.com
Attorney for Claimant

I hereby certify that on December 03, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth Magidson
US Attorney
And
Julie K. Hampton
Assistant United States Attorney
800 N. Shore Line Blvd., Suite 500
One Shoreline Plaza
Corpus Christi, Texas 78401
(361) 888-3111
State Bar No. 24032269
Federal Practice No. 431286

                                               *s/   Ricardo A. Rdz*
                                               Ricardo A. Rodriguez