IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 2:11-CV-00368 |
| REAL PROPERTY KNOWN AS 200 ACRES OF LAND NEAR FARM TO MARKET ROAD 2686 RIO GRANDE CITY, TEXAS, | § § § § § § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is the United States' Motion for Finding of Actual, Substitute, or Constructive Notice. (D.E. 28.) United States Magistrate Judge B. Janice Ellington issued a memorandum and recommendation in which she recommends that the United States' motion be denied without prejudice and that the Court issue an order extending the time for service and requiring the United States to comply with the Texas Rules of Civil Procedure for constructive service by publication. (D.E. 32.) Claimant Dr. Carlos Ricardo Tirado Tamez (Tirado) filed objections to the Magistrate Judge's memorandum and recommendation. (D.E. 33.) A party is entitled to a de novo disposition by the district judge of those portions of a magistrate judge's memorandum and recommendation to which timely objections have been filed. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Tirado objects that the Court should not permit constructive service by publication because Plaintiff has not attempted service of process under FED. R. CIV. P. 4(f), and until such efforts have proved unavailing, the Court cannot order constructive service. Tirado argues that

service of process under FED. R. CIV. P. 4(f) can only be accomplished pursuant to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 UST 361, 658 U.N.T.S. 163 [hereinafter Hague Service Convention].

Under 18 U.S.C. § 985, service of process on a person residing outside the United States must first be attempted pursuant to FED. R. CIV. P. 4(f). As the United States and Mexico are both signatories to the Hague Service Convention, service on an individual in a foreign country pursuant to FED. R. CIV. P. 4(f) must conform to the requirements of the Hague Service Convention, provided the Convention applies. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("compliance with the Convention is mandatory in all cases to which it applies"). Under Article 1, the Hague Service Convention does not apply "where the address of the person to be served with the document is not known." Accordingly, in attempting to serve Tirado, Plaintiff is only required to conform to the Hague Service Convention if Tirado has a known address in Mexico.

In the case at hand, the United States Department of Justice submitted to the Central Authority of the United Mexican States a request for assistance from appropriate authorities in Mexico with service of a notice of forfeiture on Tirado at an address in Tamaulipas, Mexico, or any other address in Mexico where he is known to be located, pursuant to Article 1 of the Treaty on Cooperation Between the United States of America and the United Mexican States for Mutual Legal Assistance, U.S.-Mex, Dec. 9, 1987, 27 I.L.M. 443 [hereinafter MLA Treaty]. (D.E. 18.) The MLA Treaty is separate and distinct from the Hague Service Convention; therefore, an attempt at service through the MLA Treaty does not constitute an attempt at service through the Hague Service Convention.

Acting on the MLA Treaty request by the U.S. Department of Justice, the Office of the Federal Public Prosecutor of the United States of Mexico sent letters rogatory to governmental and private entities in Mexico inquiring whether their registries included the name Carlos Ricardo Tamez Tirado. Additionally, two officers with Mexico's Federal Investigative Police visited the address provided by the Department of Justice in Tamaulipas, Mexico. Despite these attempts by Mexican authorities to locate Tirado, they were unable to find any information regarding his current location in Mexico. The Mexican Federal Investigative Police who visited the address in Tamaulipas, Mexico were informed that Tirado no longer lived at that address and that he had moved to the United States.

Plaintiff additionally attempted to provide notice of this forefeiture action to Tirado by international mail at the address in Tamaulipas, Mexico, which was returned unclaimed (D.E. 16); by e-mail; by posting notice of the suit on the property itself; by publication on a government website, www.forfeiture.gov (D.E. 11); and by serving Tirado's attorney with notice of the suit (D.E. 26). Tirado argues that Plaintiff must now attempt to serve him pursuant to the Hague Service Convention. Yet, there is no indication that Tirado still lives in Mexico or that attempting to serve Tirado with notice under the Hague Service Convention would prove any more successful than Plaintiff's other attempts at service.

As noted above, service of process pursuant to the Hague Service Convention is not required where the person's current address is unknown. In determining whether Tirado's address is unknown and constructive service may be ordered, the Court must look at Plaintiff's diligence in attempting to discover Tirado's address. *See* 18 U.S.C. § 985 (permitting constructive service where property owner "cannot be located despite the exercise of due diligence"); *Compass Bank v. Katz*, Civ. A. No. 5:12-cv-00045, 2012 WL 4889942, at *2 (S.D.

3

Tex. Sept. 27, 2012) (Hacker, J.) ("courts have repeatedly looked to the efforts plaintiffs have put forth in attempting to discover said addresses"); *Opella v. Rullan*, No. 10-21134-CIV, 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011) (concluding that an address will be considered unknown only after the plaintiff has exercised reasonable diligence to discover address).

Given Plaintiff's efforts at locating and serving Tirado with notice through the MLA Treaty request, international mail, e-mail, and other means, the Court finds that Plaintiff exercised due diligence in attempting to discover Tirado's address and that further efforts are unlikely to prove any more successful. The Court therefore concludes that Tirado's address is unknown and the Hague Service Convention does not apply in the case at hand. Pursuant to 18 U.S.C. § 985(c)(2)(C), constructive service may be made on Tirado in accordance with the Texas Rules of Civil Procedure. Tirado's objection to constructive service is overruled.

Having made a de novo disposition of those portions of the Magistrate Judge's memorandum and recommendation to which objections were raised, the Court adopts as its own the findings and conclusions of the Magistrate Judge. The United States' motion for finding actual, substitute, or constructive notice (D.E. 28) is DENIED WITHOUT PREJUDICE to refiling. Plaintiff is required to comply with the Texas Rules of Civil Procedure in providing constructive service of process. The time for Plaintiff to accomplish service of process is extended for an additional ninety (90) days from the date of this order.

ORDERED this 31st day of December 2012.

*[signature]*
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**

4