UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-368 |
| | § | |
| REAL PROPERTY KNOWN AS 200 | § | |
| ACRES OF LAND NEAR FM 2686 RIO | § | |
| GRANDE CITY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Plaintiff's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) (D.E. 59) in which Plaintiff, the United States of America, seeks sanctions against Claimants, Carlos Ricardo Tirado Tamez and Cristina Rodriguez de Tirado, for failure to obey the Court's orders with regard to discovery matters. The Government filed its motion on June 24, 2013 and the Claimants responded on July 15, 2013 (D.E. 67). For the reasons discussed below, it is recommended that the motion be granted.

## BACKGROUND

Plaintiff filed a complaint for forfeiture *in rem* of 200 acres of land near Farm to Market Road 2686 in Rio Grande City, Starr County, Texas ("the property") on November 16, 2011 (D.E. 1). Plaintiff alleges that the true owner of the property is Carlos Alberto Oliva-Castillo ("Oliva") and that Oliva purchased the property with proceeds from the sale of illegal drugs. Claimants filed a verified claim and an answer, among other documents, in February 2012. On April 3, 2013 the District Court found

that Claimants had been constructively served with process and stated that the parties could begin discovery (D.E. 43).[1]

The undersigned Magistrate Judge issued an Order Setting Deadlines on April 18, 2013 (D.E. 45).  The order states in part, "Initial Disclosures shall be made by all parties no later than Friday, June 14, 2013."  To date, Claimants have not provided any initial disclosures to any of the parties.[2]

On April 17, 2013 Plaintiff served requests for production on both Claimants by certified mail to Claimants' attorney (Mot. for Sanctions, Ex. A; D.E. 59-2 at 1-10).  Claimants did not respond.  On May 31, 2013 Plaintiff sent via facsimile and email a request to Claimants' attorney that Claimants respond to the requests for discovery by May 31, 2013 (Mot. for Sanctions, Ex. B; D.E. 59-3 at 1-5).  To date, Claimants have not responded to the requests for production.

Depositions were scheduled for Claimants on June 20, 2013 at the Corpus Christi office of the United States Attorney.  Notice of the depositions was received by Claimants' attorney on May 20, 2013 (Mot. for Sanctions, Ex. C; D.E. 59-4 at 1-15).  On June 6, 2013 Plaintiff filed a motion to compel Claimants to respond to its requests for production and a hearing was held on June 7, 2013.  The undersigned granted the motion to compel in part and ordered Claimants to produce copies of all documents requested which related to the real property at issue on or before June 17, 2013.  The request for documents related to Claimants' personal finances, income, businesses and bank accounts

---

[1] In addition, Cristina Rodriguez de Tirado was personally served on July 4, 2013 (D.E. 66).
[2] Several area taxing authorities have also made appearances in the case.

was denied without prejudice because Plaintiff had not shown that the documents were relevant. Claimants were put on notice that failure to comply with the order granting in part the motion to compel or to attend the scheduled depositions could result in the imposition of sanctions (D.E. 53).[3] Claimants did not produce any documents.

On June 18, 2013 Plaintiff moved for a hearing so that Claimants could show cause why they had not complied with the requests for production. The depositions were scheduled for June 20, 2013 and Plaintiff needed the requested documents prior to the deposition. In addition, Plaintiff pointed out that Claimants had failed to make initial disclosures by the June 14, 2013, deadline, as ordered by the undersigned on April 18, 2013 (D.E. 54).

A hearing was held on June 19, 2013. Counsel for Claimants stated that he had not received any documents from Claimants related to their acquisition of the property at issue, although he had requested the documents from them (Tr. of June 19, 2013 Hrg. at 5-6; D.E. 62 at 5-6). Claimants' attorney also indicated that he had sent an email to Plaintiff objecting to the depositions being held in the United States and arguing that they should be held in Mexico (June 19, 2013 Hrg. Tr. at 6-7; D.E. 62 at 6-7). The Court cautioned Claimants' attorney that he was required to comply with Court orders regarding discovery and that he was required to produce his clients for timely scheduled

---

[3] The undersigned also heard and denied Claimant's motion for stay (D.E. 46, 52) at the June 7, 2013 hearing. Claimants had filed a petition for mandamus in the Fifth Circuit Court of Appeals, arguing that the District Court did not have jurisdiction over Claimants because they had not been properly served. The Fifth Circuit denied the petition for mandamus on June 20, 2013 (D.E. 58).

depositions (June 19, 2013 Hrg. Tr. at 13; D.E. 62 at 13). Claimants did not appear for the depositions.

In the pending motion for sanctions, Plaintiff asserts that Claimants have repeatedly and willfully failed to obey the rules of federal procedure and discovery orders of the Court by failing to make initial disclosures and failing to respond to requests for production of documents. Plaintiff asks the Court to sanction Claimants by striking all of their pleadings. Plaintiff further asserts that it incurred deposition costs in the amount of $1,015 and asks that Claimants be ordered to pay the costs.

In response, Claimants argue that (1) they are exempt from making initial disclosures under Fed. R. Civ. P. 26(a)(B)(ii); (2) they do not have any documents in their possession and the Government bears the burden of showing that Claimants have documents subject to disclosure and production; (3) because Claimants reside in Mexico, the depositions should be held in Mexico; (4) striking Claimants' pleadings would be overly harsh and would deprive them of due process; (5) it would be unfair to make Claimants pay the cost of the depositions when Plaintiff could have cancelled them and (6) it would be a violation of Claimants' due process rights to have them appear for depositions when they have not been properly served with process.

## APPLICABLE LAW

### A. Sanctions

A party who refuses to obey a discovery order is subject to sanctions, which may include the following:

    (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)  striking pleadings in whole or in part;

    (iv)  staying further proceedings until the order is obeyed;

    (v)  dismissing the action in whole or in part;

    (vi)  rendering a default judgment against the disobedient party; or

    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  Also, instead of or in addition to imposing sanctions, the court must order the disobedient party, the attorney advising the party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P 37(b)(2)(C).

    The court may impose sanctions at its discretion, as long as two criteria are met: The party's discovery violation must be willful and the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect.  *United States of America v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003)(collecting cases).  The court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial and whether the client was blameless in the violation.  *Id.*

### B. Rule 26 Disclosures

In the order setting deadlines issued by the undersigned on April 18, 2013, the parties were ordered to make initial disclosures no later than Friday, June 14, 2013 (D.E. 45). Claimants argue that Fed. R. Civ. P. 26(a)(1)(B)(ii) expressly exempts from initial disclosures forfeiture actions *in rem* arising from a federal statute. Claimants are correct that *in rem* forfeiture proceedings are exempt from automatic disclosures under the rule. However, the disclosures at issue in this case were not automatic, but were ordered by the Court pursuant to Fed. R. Civ. P. 16(b)(3)(B), which provides that when the district judge or magistrate judge issues a scheduling order, the order may modify the timing of disclosures under Rules 26(a), or modify the extent of discovery. In addition, Rule 16(c)(2)(F) provides that at any pretrial conference, the court may consider and take appropriate action regarding the controlling and scheduling of discovery, including the orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37. *See also Hayes v. Gary*, No. 4:10cv129, 2010 WL 5301041 at *2 (E.D. Tex. 2010)(court order directing disclosures overrides general exemption to automatic disclosures).

Claimants raised the argument that they were not obligated to provide initial disclosures at the hearing on June 19, 2013 (Hrg. Tr., at 12; D.E. 62 at 12). The Court reiterated that the rules do not prohibit the Court from ordering initial disclosures, even if the case is exempted from automatic disclosures, and that Claimants had failed to file any objection to the order to make disclosures (June 19, 2013 Hrg. Tr. at 15; D.E. 62 at 15).

Claimants have never provided the initial disclosures and thus have willfully refused to comply with the Court's order regarding initial disclosures. It is recommended that appropriate sanctions be imposed upon them.

### C. Requests for Production

Claimants have not responded to Plaintiff's request for production of documents, even when ordered to do so by the Court. At the June 7, 2013 hearing, Claimants' attorney stated that he had not looked at the requests for production because he anticipated that the Fifth Circuit would grant a stay in the case (Tr. of June 7, 2013 Hrg. at 6-7; D.E. 61 at 6-7). At the hearing, the Court ordered Claimants to produce the documents within seven days, or by June 14, 2013, and also signed a written order to that effect (June 7, 2013 Hrg. Tr. at 14-15; D.E. 61 at 14-15; Order, D.E. 53).

At the June 19, 2013 hearing, Claimants' attorney stated that he had not received any documents from his clients with which to respond to the motion for production and he asked the Court to wait for a decision from the Fifth Circuit on a pending motion to stay proceedings (June 19, 2013 Hrg. Tr. at 5-6; D.E. 62 at 5-6). The Court found that Claimants had not shown good cause for not producing the documents and again ordered them to produce the documents (June 19, 2013 Hrg. Tr. at 10; D.E. 62 at 10).

The Fifth Circuit Court of Appeals denied Claimants' motion for stay and motion for writ of mandamus the next day, on June 20, 2013 (D.E. 58, 63, 64) but Claimants still have not produced the documents. Even if Claimants do not have any documents in their possession, they have an obligation to respond to the request for production of documents and state under oath that the documents are not in their possession and that they are

unable to obtain them. *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 163 (S.D. Tex. 2009); *Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476 (D. Colo. 2007). Because claimants have willfully failed to respond to Plaintiff's request for production of documents as well as the Court's order, it is recommended that sanctions be imposed.

### D. Attendance at Depositions

Depositions were scheduled for June 20, 2013 in Corpus Christi and Claimants' attorney received notice of the depositions and was aware that they had been scheduled (Mot. for Sanctions, Ex. C; D.E. 47-4; June 7, 2013 Hrg Tr. at 7, 14-15; D.E. 61 at 7, 14-15). At the hearing on June 19, 2013, the day before the scheduled depositions, Claimants' attorney stated that he believed that the depositions should be held in Mexico because his clients reside in Mexico (June 19, 2013 Hrg. Tr. at 5; D.E. 62 at 5). He said he had learned of such a "rule" the day before and had emailed Plaintiff's attorney on June 18, 2013 to tell her that they objected to taking the depositions unless they were in Mexico (June 19, 2013 Hrg. Tr. at 6-7, 10; D.E. 61 at 6-7, 10). The Court advised Claimants' counsel that he was required to produce his clients for the depositions and that if he filed written objections they would be ruled upon (June 19, 2013 Hrg. Tr. at 13; D.E. 62 at 13). Claimants did not file any objections and did not appear at the depositions.

Claimants in a forfeiture *in rem* proceeding are considered parties to the action. *United States v. $160,066.98*, 202 F.R.D. 624, 626 (S.D. Cal. 2001)(citations omitted). A notice for the taking of a deposition sent to all parties is all that is necessary to require

attendance of parties at their depositions. *Bourne Inc. v. Romero*, 23 F.R.D. 292, 295 (E.D. La. 1959). A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the court, and the court may, for good cause, issue an order protecting a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c)(1).[4] A party may seek a protective order requiring depositions be taken at a location convenient to the deponent. *Farquhar v. Shelden*, 116 F.R.D. 70, 71 (E.D. Mich. 1987).

Claimants in this case did not seek a protective order, but simply failed to appear at the depositions. Only in response to Plaintiff's motion for sanctions have they raised their objections to the location of the depositions. However, a failure to attend a deposition is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c). Fed. R. Civ. P. 37(d)(2). *See also Collins v. Wayland*, 139 F.2d 677, 678 (9th Cir. 1944)(Oregon resident who did not wish to appear for a deposition in Arizona should have filed a motion for a protective order rather than willfully failing to comply with the notice and court's order to appear). Claimants in this case willfully disregarded the notice of deposition and the Court's order to attend the deposition and should be sanctioned accordingly.

---

[4] A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1).

Moreover, even if Claimants had sought a protective order asking that the depositions be held in Mexico, the undersigned would not have recommended that the order be granted. Claimants would have to show that attending the depositions in Corpus Christi would cause them annoyance, embarrassment, oppression, undue burden or expense. Fed. R. Civ. P. 26(c)(1). Claimants contend that attending depositions in Corpus Christi would place an undue burden on them, based on the rehashing of their arguments regarding service of process, jurisdiction and venue, all of which have been ruled on by the District Court and to some degree by the Fifth Circuit Court of Appeals (*See, generally*, D.E. 12-14, 22-24, 28-38, 41-43, 58, 63-64.)

Claimants further contend that if Dr. Tirado comes to the United States for depositions, Plaintiff will be able to have him personally serve with process. However, the District Court has already found that Dr. Tirado has been constructively served with process (D.E. 43). Claimants present nothing more than a conclusory allegation that the Government intends to personally serve Dr. Tirado if he appears for a deposition.

Claimants further assert that if Dr. Tirado were personally served with process in the United States, it would be a violation of his due process right to be served personally in Mexico under the United States Constitution, the Mexican Constitution and international law (Resp. to Mot. for Sanctions, D.E. 75 at 2-3). While Dr. Tirado has a right to due process under the United States Constitution, Claimants cite no authority for the proposition that due process requires that he be personally served with citation in Mexico. Such service is not required under the United States Constitution and the Mexican Constitution is not relevant to this proceeding. While the Hague Convention

Treaty provides methods for serving judicial documents in foreign countries, it confers no right to be served in a particular country. *See Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, 20 U.S.T. 361, 658 U.N.T.S. 153, 1969 WL 97765(U.S. Treaty). Thus, Claimants have failed to show that traveling to Corpus Christi for depositions would cause them to suffer an undue burden.

Claimants purport to own real property in Texas and they have hired an attorney who is licensed and practices in Texas. Accordingly, they appear to be accustomed to doing business in the Southern District of Texas. *See United States v. Approximately $57,378 in United States Currency*, No. C08-5023 MMC (BZ), 2010 WL 4347889 at *2 (N.D. Cal. 2010)(Claimant who lived in Georgia ordered to appear for depositions in California when she had filed third-party ownership claim to money and intended to conduct business in the Northern District of California). In addition, Claimants purposefully submitted to this Court's jurisdiction when they filed their third party ownership claim to the real property at issue here. Parties joining litigation subject themselves to the jurisdiction of the court where the action is filed. *United States of America v. $106,066.98 From Bank of America*, 202 F.R.D. 624, 627 (2001). If Claimants are, indeed, the owners of the real property at issue, it is not unreasonable to require them to travel to Corpus Christi to be deposed regarding their claim of ownership.

In addition, if the Government were forced to travel to Mexico, it would incur significant travel expenses, including expenses related to extra security precautions

because of violence related to Transnational Criminal Organizations. *See Travel Warning, U.S. Department of State, Bureau of Consular Affair, Mexico, July 12, 2013*. http://travel.state.gov/travel/cis_pa_tw/tw/tw_6033.html (last viewed September 5, 2013). Considering all the relevant factors, it would be more reasonable, safer, less costly and more efficient to conduct the depositions in the Southern District of Texas rather than in Mexico. Based on the foregoing, even if Claimants had sought a protective order, they would not have been able to show they were entitled to it.

### E. Imposition of Sanctions in this Case

Plaintiff asks that all of Claimant's pleadings be struck as a sanction for its willful disobedience of the court's orders regarding making disclosures, compelling production of documents and appearing at depositions. Claimants respond that such sanctions would be too harsh and would deprive them of due process. They further argue that it was reasonable and procedurally efficient to "stay" everything until after the writ of mandamus they filed in the Fifth Circuit was resolved.

No order for a stay has ever been entered in this case. To the contrary, Claimants sought a stay of the Court's order authorizing service by publication and it was denied (D.E. 46, 52). Parties in a lawsuit are not at liberty to "stay" discovery because they believe it is reasonable and efficient to do so, especially in the face of a court order compelling them to do otherwise. In addition, the Fifth Circuit denied Claimant's writ of mandamus and motion for stay on June 20, 2013 and Claimants have made no effort to comply with any of the discovery orders since that time. Nor have they filed any objections with the Court to any of the discovery orders or sought a protective order.

The only reasonable conclusion under the circumstances is that Claimants have willfully failed to comply with the Court's orders regarding discovery.  Moreover, given that Claimants have had ample warning and opportunity to comply with the Court's orders and have not done so, there is no reason to believe that a lesser sanction will result in compliance with the orders.  Additionally, Plaintiff has suffered prejudice because it cannot litigate its forfeiture action without the information it needs from Claimants.  Therefore, it is recommended that all of Claimants' pleadings be struck as a sanction for their failure to provide disclosures or answers to the requests for production and for their failure to appear at scheduled depositions.

Also, it is recommended that Claimants be ordered to pay to Plaintiff's costs, in the amount of $1,015, for the depositions they did not attend.  Claimants argue that Plaintiff could have cancelled the depositions when it learned that they were going to attend them.  However, in the absence of objections or a motion for a protective order, Plaintiff was under no obligation to cancel the depositions.

## RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Plaintiff's Motion for Sanctions (D.E. 59) be GRANTED.  Claimants' pleadings should be struck in their entirety as a sanction for their willful failure to provide disclosures or answers to requests for production of documents and for their failure to appear at scheduled

depositions. In addition it is recommended that Claimants be ordered to pay Plaintiff's costs in the amount of $1,015 for the depositions they failed to attend.

Respectfully submitted this 11th day of September, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS of being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS of being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).