UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-00368 |
| | § | |
| REAL PROPERTY KNOWN AS 200 ACRES OF LAND NEAR FM 2686 RIO GRANDE CITY, TEXAS, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION

Pending before the Court is "Plaintiff's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37" (D.E. 59). On September 11, 2013, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (D.E. 76), recommending that Plaintiff's Motion for Sanctions be granted against Claimants Carlos Ricardo Tirado Tamez and Cristina Rodriguez de Tirado. Claimant, Cristina Rodriguez de Tirado did not file any objections. However, Dr. Carlos Ricardo Tirado Tamez (Claimant) filed his Objections (D.E. 77) untimely, on September 27, 2013. Despite being untimely, the Court will address Claimant's Objections.

Plaintiff seeks sanctions against Claimant for failure to comply with discovery with respect to: (1) failure to make initial disclosures as ordered by the Magistrate Judge (D.E. 45); (2) failure to respond to requests for production as ordered by the Magistrate Judge (D.E. 53); and (3) failure to appear for deposition as ordered by the Magistrate Judge (D.E. 53). The Magistrate Judge recommended that sanctions be imposed in the

form of striking Claimant's pleadings and an order that Claimant pay Plaintiff's costs in the amount of $1,015 with respect to expenses for the deposition that Claimant failed to attend.

Most of Claimant's objections were raised in his Response (D.E. 67) to the Motion for Sanctions and, upon review, the Court finds they were adequately and appropriately addressed in the Memorandum and Recommendation (D.E. 76), summarized as follows:

a. Claimant objects that the order compelling initial disclosures was improper because forfeiture *in rem* proceedings are exempted from automatic disclosure under Fed. R. Civ. P. 26(a)(1)(B). The Magistrate Judge correctly determined that the disclosures, required by the Magistrate Judge's Order, were properly required because the court has the power to supplement or modify the automatic initial disclosures required by Rule 26. *See* Fed. R. Civ. P. 16(b)(3), 16(c)(2)(F), 26(a)(1)(C), 26(a)(2), 26(a)(3). The Rule 26 and 16 exemptions do not circumscribe the court's prerogative to order discovery. *London v. Williams*, 2009 WL 567883 (9th Cir. Mar. 6, 2009), cited by Claimant, is not to the contrary. It acknowledges that initial disclosures are not automatically required in exempt cases, but also acknowledges that the court has the power to order such disclosures.

b. Claimant objects that the sanctions are more severe than is justified. The Magistrate Judge properly analyzed and concluded that Claimant has failed and refused to comply with any of the court's several discovery orders in willful disobedience, preventing Plaintiff from prosecuting this matter in an ordinary and timely manner. The sanctions are appropriate under the circumstances. Fed. R. Civ. P. 37(b)(2)(A).

c. Claimant objects that there is no duty to disclose information or produce documents that are not in the possession, custody, or control of the responding party. The law requires parties to either produce and certify what they have available or certify that they have no responsive documents in a writing signed and served. Fed. R. Civ. P. 26(a)(4); 26(g). Claimant did neither.

d. Claimant objects, arguing that he was entitled to be deposed in Mexico. Claimant has been served and made a party to this lawsuit. D.E. 43. He has made a claim to the property that is the subject of this forfeiture *in rem* action. D.E. 13. Consequently, he is subject to deposition upon proper notice, absent a protective order, which he did not seek or obtain. Fed. R. Civ. P. 26(c),

    30(a)(1). He is further subject to sanctions for failing to comply with the deposition notice and the Court's order to submit to deposition. Fed. R. Civ. P. 37.

e. Claimant objects, arguing that he should not have to pay the cost of the deposition because counsel asked that it be canceled several days prior to the scheduled date. Claimant did not file a proper objection with the Court seeking or obtaining a protective order and counsel's request to cancel does not have the force of law. *See* Fed. R. Civ. P. 26(c), 30(a)(1). Plaintiff was within its rights to insist upon the deposition taking place at the time and place in the notice, absent a protective order. Payment of the costs of the deposition is proper under Fed. R. Civ. P. 36(c)(3), 37(a)(5).

f. Claimant objects that the Magistrate Judge should have waited on Claimant to exhaust his appellate remedies before allowing this case to proceed. No stay was imposed. D.E. 52, 58. Absent a stay, the parties and this Court were free to proceed with the orderly disposition of this action. No deference is owed to the Claimant's unilateral effort to obtain appellate relief. Neither would this argument change the outcome, as Claimant has at no time—before, during, or after his effort to obtain appellate relief—complied with the Court's orders regarding discovery.

All of the foregoing objections are **OVERRULED**.

Claimant has raised three additional objections that appear to arise from the Magistrate Judge's Memorandum and Recommendation or were not addressed therein:

First, Claimant objects that death penalty sanctions are not justified because Claimant has not been properly served and it is not unreasonable to wait for the outcome of appellate processes. This Court has already made its determination as to whether Claimant was properly served and made a party to this lawsuit. Order, D.E. 43. Claimant's effort to invoke appellate processes to date has failed to result in a reversal of the Court's decisions. Fifth Circuit Order, D.E. 58. This Court is empowered to proceed with the case in an orderly manner so as to dispose of all parties and all claims and render

a final judgment that Claimant will then have another opportunity to appeal. Claimant's first objection is **OVERRULED**.

Second, Claimant suggests that the Magistrate Judge's factual arguments regarding the burden to the Plaintiff in attending a deposition in Mexico are not based on evidence and should be disregarded. The Magistrate Judge's consideration of that argument is immaterial to the disposition of the motion for sanctions. Claimant did not seek a protective order, so the relative burdens of the parties was not put in issue. Thus, even if the challenged factual arguments were disregarded, the decision would not change. The decision is based on Claimant's willful disobedience of the Court's orders. Claimant's second objection is **OVERRULED**.

Third, Claimant objects that he should not be faulted for failing to seek a protective order because the Magistrate Judge states that such a procedure would have been futile. The point, however, is that Claimant has not utilized the legal procedures available to him and expects to unilaterally control the progress of this case. The fact that he would not be entitled to the relief sought does not justify noncompliance with federal procedure or with the Magistrate Judge's orders in this case. Claimant's third objection is **OVERRULED.**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Claimant's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court

**OVERRULES** Claimant's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's Motion for Sanctions (D.E. 59) is **GRANTED**. Claimants, Carlos Ricardo Tirado Tamez and Cristina Rodriguez de Tirado's pleadings are **STRICKEN** in their entirety as a sanction for their willful failure to provide disclosures or answers to requests for production of documents and for their failure to appear at scheduled depositions. Claimants are **ORDERED** to pay Plaintiff's costs in the amount of $1,015.00 for the depositions they failed to attend.

ORDERED this 5th day of November, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE